# LUGER *v.* BROWNING.

---

PATENTS; APPELLATE PRACTICE; INTERFERENCE; IDENTITY OF INVENTION; PATENTABILITY; NEW MATTER IN APPLICATION.

1. A proceeding to dissolve an interference for want of identity of invention of the devices of the parties, is collateral to the interference itself and does not, as a general rule, enter into the consideration of the question of priority of invention when the interference is brought to this court. The question of identity is presumed to have been finally determined in the Patent Office; *following,* Hisey v. Peters, 6 App. D. C. 68; Doyle v. McRoberts, 10 App. D. C. 445; Foster v. Antisdel, 14 App. D. C. 552; Bechman v. Wood, 15 App. D. C. 484; Latham v. Armat, 17 App. D. C. 345; Austin v. Johnson, 18 App. D. C. 83, and Swihart v. Mauldin, 19 App. D. C. 570.

2. An assignment of error by the appellant in an interference proceeding that there was irregularity in the declaration of the inter-ference, consisting of the failure of the primary examiner to make formal allowance of the claims of the parties before declaring the interference, is without merit.

3. The question of patentability is not, in general, open in this court in an interference proceeding; and a mere suggestion by a party to an interference to the effect that new references brought forward before the Commissioner for the first time will show want of patentable novelty in the subject-matter of the controversy, is not the equivalent of a reservation of the question of patentability by the Commissioner; *distinguishing* Oliver v. Felbel, 20 App. D. C. 255, and a motion made here to remand the cause for a final determination of the question of patentability, will, under such circumstances, be overruled.

4. When new matter is introduced into an application, it cannot be allowed to dominate previous claims of another applicant; but when matter has been previously disclosed, although not formally claimed, it is proper to be included in a subsequent formal claim, and may take precedence of previous claims advanced by another applicant; *distinguishing* Bechman v. Wood, 15 App. D. C. 484, is explained in McBerty v. Cook, 16 App. D. C. 133.

No. 205.    Patent Appeals.    Submitted January 13, 1908.    Decided February 3, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case, and a motion by the appellant therein to remand the proceeding to the Commissioner for a final determination of the question of patentability.      *Motion denied and decision affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. F. D. McKenney, Mr. J. Nota McGill,* and *Mr. H. W. T. Jenner* for the appellant.

*Mr. G. D. Seymour* and *Mr. Henry A. Seymour* for the appellee:

*Mr. John M. Coit,* on behalf of the Commissioner of Patents, filed a brief in opposition to the appellant's motion to remand the cause to the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject-matter of controversy between the parties is an improvement in firearms, stated by the Patent Office in these terms:

" In recoil-firearms having movable barrels, the combination of the rearward-moving barrel with linked levers, a stud or projection at the bending or ' knee ' point of the linked levers and a curved guide-surface of the casing located in the path of the said projection, which in consequence of the recoil after firing is pressed against the said surface, substantially as shown and described."

It is an improvement on what is known as the Borchardt firearm, which is protected by letters patent of the United States, No. 571,260, issued on November 10, 1896, the purpose being to dispense with the bulky rearward portion of that firearm and to shorten the breech-case.

John M. Browning, the appellee, filed his application for the invention in the Patent Office on May 6, 1899; and in his preliminary statement on the interference, averred that he had conceived the invention in the latter part of the year 1894 or the early part of the year 1895, and that he had reduced it to practice by the construction of a full-sized operative gun in the latter part of the year 1898. George Luger, the appellant, who is a German and a citizen of the German Empire resident in Charlottenburg, Prussia, filed his application in the Patent Office on March 17, 1900, which was upward of ten months after Browning. In his preliminary statement he does not state when he conceived the invention; but he says that a pistol embodying the invention was made in July of 1898. He adds that the invention was communicated by an agent of his to the appellee in New York on September 14, 1898; that he had applied to the government of Belgium for a patent on March 5, 1900, and such patent had been issued to him on March 15, 1900; and that, at the time of his application to the United States Patent Office, he had received no other foreign pat-

ent, although he had applications therefor pending in several countries of Europe.

Upon the testimony all the tribunals of the Patent Office concurred in awarding judgment of priority of invention in favor of Browning. From the Commissioner's decision to that effect this appeal has been taken.

We find no reason, and none has been pointed out, why we should disturb the unanimous action of the tribunals of the Patent Office. In fact, it is expressly conceded both in the brief and in the oral argument on behalf of the appellant, that the appellee is entitled to judgment of priority of invention if the constructions of the parties are the same. The contention is that they are not the same, and that therefore there is no interference in fact, and there should have been no declaration of interference between the parties. And the argument on behalf of the appellant has been mainly addressed to this question.

But this question is one which, except perhaps in very rare and exceptional cases, this court will not undertake to determine. We must take the question of identity of invention, as well as that of patentability, as settled by the declaration of interference. This court has not general jurisdiction over the proceedings of the Patent Office. The question of identity of invention is, in general, one which should be settled by the experts of the office, and not by this court; and the rules of the office, established under legislative authority, provide how this is to be done. They provide for t dissolution of the interference on motion, if either one of the parties conceives that there is no interference in fact; and from the Commissioner's determination in that regard we do not find that the law has given any appeal to this court. The proceeding for a dissolution of the interference for want of identity in the several devices of the parties is collateral to the interference itself, and independent thereof; and does not, as a general rule, enter into the consideration of the question of priority of invention, when this latter is brought to this court. It is presumed to have been finally determined in the office. *Hisey*

v. *Peters,* 6 App. D. C. 68; *Doyle* v. *McRoberts,* 10 App. D. C. 445; *Foster* v. *Antisdel,* 14 App. D. C. 552; *Bech-man* v. *Wood,* 15 App. D. C. 484; *Latham* v. *Armat,* 17 App. D. C. 345; *Austin* v. *Johnson,* 18 App. D. C. 83; *Swihart* v. *Mauldin,* 19 App. D. C. 570.

Among the grounds of error assigned on behalf of the appellant is one to the effect that there was irregularity in the declaration of the interference: and we infer from the opinion of the Commissioner that the alleged irregularity consisted in the failure of the primary examiner to make formal allowance of the claims of the parties before declaring the interference. But we do not understand that this assignment of error is insisted upon before us. It is evidently without merit, and requires no serious consideration by us.

Greatest stress seems to be laid by the appellant on the want of patentability of the alleged invention, and on the fact, if it be a fact, that the question of patentability has not been finally determined in this case by the Patent Office, as should have been done in accordance with the decision of this court in the recent case of *Oliver* v. *Felbel,* 20 App. D. C. 255. In pursuance of this contention a motion has been filed on behalf of the appellant so remand the cause for a final determination of the question of patentability. The apparent inconsistency of the motion with the fact that the appellant himself took the appeal is due to the fact that the appeal was taken and the cause was filed in this court before the determination by this court of the case of *Oliver* v. *Felbel.* But we have repeatedly held that the question of patentability in general is not open in this court in interference proceedings. And so far as concerns the question of the reservation of the question of patentability of the invention, and the application of the case of *Oliver* v. *Felbel,* we find no such reservation in the present case as there was in that of *Oliver* v. *Felbel.* There the board of examiners had expressed the opinion that the subject-matter in issue was not patentable; and the Commissioner in his decision expressly reserved that

question for future consideration by the primary examiner
when the case should go back to him. No such conditions
appear in the present case. In the brief submitted by the
appellant before the Commissioner the appellant suggested
some new references on the question of the patentability of
the invention. The Commissioner, properly, as it would
seem, declined to consider them; and directed that the pri-
mary examiner should consider them, when the appellee's
application should come before him again after the conclu-
sion of the interference. We cannot hold that this amounted
to a reservation of the question of patentability under the
ruling in the case of *Oliver* v. *Felbel.* The contents of the
references are not disclosed: it is not shown that they are
material: the Commissioner has expressed no opinion in re-
gard to them: and a mere suggestion by a party in inter-
ference to the effect that new references brought forward
before the Commissioner for the first time will show want
of patentable novelty in the subject-matter of controversy
is not the equivalent of a reservation of the question of
patentability by the Commissioner. The motion to remand
the cause, therefore, for the determination of this question
cannot be allowed.

It is sought, also, to bring this case within the ruling in
the case of *Bechman* v. *Wood,* 15 App. D. C. 484, and
*Chicago & Northwestern Railway Co.* v. *Sayles,* 97 U. S.
554, which latter was the decision that determined the rul-
ing in the case of *Bechman* v. *Wood.* The contention of
the appellant in this regard, if sustained, would apply to all
cases in the Patent Office wherein the claim of one applica-
tion is suggested to another applicant for the purpose of
an interference thereupon to be declared. But the case of
*Bechman* v. *Wood,* as explained in the case of *McBerty* v.
*Cook,* 16 App. D. C. 133, was not intended to have any
such application. The distinction is well pointed out by
the board of examiners-in-chief in their opinion filed in this
case. It is that, when new matter is introduced into an
application, it cannot be allowed to dominate previous claims
of another applicant; but that when matter has been pre-

viously disclosed, although not formally claimed, it is proper to be included in a subsequent formal claim, and may take precedence of previous claims advanced by another applicant. *McBerty* v. *Cook.* 16 App. D. C. 133.

From what we have said it follows in our opinion that the decision of the Commissioner of Patents, awarding judgment of priority of invention to the appellee John M. Browning, should be, and it is hereby, affirmed.

The clerk of the court will certify this opinion and the proceedings of the court in the premises to the Commissioner of Patents, according to law.          *Affirmed.*

A motion for a rehearing filed on behalf of the appellant, February 16, 1903, by *Mr. McKenney, Mr. McGill,* and *Mr. George E. Sullivan,* was denied March 4, 1903.

Mr. Justice GOULD of the Supreme Court of the District of Columbia sat with the court in the hearing and determination of this case, in the place of Mr. Chief Justice ALVEY.